UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNIE FARMER,

    Plaintiff,

CASE NO: 19-cv-10475-LGS-DCF

v.

DARREN K. INDYKE and RICHARD D. KAHN,
in their capacities as the executors of the
ESTATE OF JEFFREY EDWARD EPSTEIN and
GHISLAINE MAXWELL,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO APPROVE ALTERNATE SERVICE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(e)(1)**

Plaintiff Annie Farmer, by and through her undersigned attorneys, respectfully submits this memorandum of law in support of her motion to approve alternate service upon Defendant Ghislaine Maxwell.

## **BACKGROUND**

Jeffrey Epstein was one of the world's most prolific sexual predators, using his wealth and connections to create a transcontinental sex trafficking ring. Ghislaine Maxwell was Epstein's main "recruiter"—she spent years overseeing and managing Epstein's sex trafficking network, and actively recruited underage girls to provide to Epstein and others for sex. Compl. ¶¶ 10, 27–31. Since Epstein's most recent arrest on July 8, 2019, and his eventual death on August 10, 2019, Compl. ¶¶ 32, 35, Maxwell has been in hiding. Numerous media outlets have reported on her unknown whereabouts, including The Sun, the Washington Examiner, Vanity Fair, BBC, CNN, CNBC, the Telegraph, The Guardian, and Page Six.[1] At the same time, her counsel is actively litigating in this Court to keep shielded from public view thousands of pages of court records that would expose her involvement and participation in Epstein's heinous crimes. *Giuffre v. Maxwell*, 15-cv-7433-LAP (S.D.N.Y.).

On November 12, 2019, Plaintiff Annie Farmer filed a complaint against Ghislaine Maxwell and the co-executors of Epstein's Estate, alleging that, when she was 16 years old, Maxwell and Epstein trafficked her, sexually assaulted her, and falsely imprisoned her at Epstein's

---

[1] *See, e.g.*, https://www.vanityfair.com/news/2019/11/hunt-for-jeffrey-epstein-alleged-enabler-ghislaine-maxwell; https://www.theguardian.com/us-news/2019/nov/18/ghislaine-maxwell-prince-andrew-friend-jeffrey-epstein-controversy-hiding; https://www.theguardian.com/us-news/2019/dec/12/she-was-so-dangerous-where-in-the-world-is-the-notorious-ghislaine-maxwell; https://www.bbc.com/news/world-us-canada-50927651; https://edition.cnn.com/2019/12/08/uk/who-is-ghislaine-maxwell-jeffrey-epstein-intl-gbr/index.html; https://www.cnbc.com/2019/08/14/ghislaine-maxwell-location-unknown-jeffrey-epstein-accusers-eye-her.html; https://www.washingtonexaminer.com/news/fbi-investigating-jeffrey-epstein-facilitator-ghislaine-maxwell; https://www.telegraph.co.uk/royal-family/2019/11/20/prince-andrew-met-ghislaine-maxwell-two-weeks-prosecutors-announced/; https://pagesix.com/2020/01/11/ghislaine-maxwell-flies-under-the-radar-while-lawyering-up-for-epstein-lawsuit/.

2

New Mexico ranch. Compl. ¶¶ 1–2, 79–80, 84–85. Plaintiff has attempted to locate and personally serve Maxwell to no avail. Her counsel has conducted extensive public records searches and located various addresses for Maxwell. Some of those addresses belong to properties that Maxwell has sold in recent years, such as her New York City home on 65th Street. And all of those addresses have been available to the media and the public for years, yet no one has been able to locate Maxwell at any of those addresses. Plaintiff's counsel also sent an email attaching a copy of the summons and complaint to the only publicly known email address associated with Maxwell (gmax@ellmax.com). Mariella Decl., Ex. A. That email was not returned as undelivered, but counsel did not receive a response. Mariella Decl. ¶ 3.

Despite being in hiding, Maxwell has been actively participating in a defamation lawsuit that Virginia Giuffre filed against her in this Court. *See Giuffre v. Maxwell*, 15-cv-7433-LAP (S.D.N.Y.). In that case, Maxwell is vigorously fighting to keep thousands of pages of court filings under seal in order to shield her own wrongdoing from the public. On December 6, 2019, and December 16, 2019, Plaintiff's counsel sent two emails to Maxwell's attorneys in that matter, Jeffrey S. Pagliuca, Laura A. Menninger, and Ty Gee of Haddon, Morgan and Foreman, P.C. ("Haddon Morgan"), attaching a copy of the summons and Complaint and asking them to accept service on Maxwell's behalf. Mariella Decl., Ex. B. Maxwell's counsel did not respond to either email. Mariella Decl. ¶ 4. This is despite the fact that Haddon Morgan has submitted filings to Judge Loretta A. Preska on Maxwell's behalf in that matter as recently as January 17, 2020. *Giuffre v. Maxwell*, 15 Civ. 7433-LAP (S.D.N.Y), ECF No. 1020. In addition, after a conference before Judge Preska on January 16, 2020, Plaintiff's counsel asked Ms. Menninger once again if she would accept service on behalf of Maxwell. Mariella Decl. ¶ 5. Ms. Menninger said that she

3

was not authorized to do so, despite her active participation at the conference on behalf of Maxwell. *Id.*

Even before Epstein's 2019 arrest and death, locating and serving Maxwell was impracticable. In 2017, Sarah Ransome, a victim suing Maxwell in yet another matter related to Maxwell's participation in Epstein's sex trafficking scheme, attempted to serve Maxwell in a number of ways, including by providing Maxwell's attorneys at Haddon Morgan a copy of the summons and complaint, emailing a copy of the summons and complaint to gmax@ellmax.com, and attempting to effectuate service at three locations associated with Maxwell in New York and New Jersey. *Jane Doe 43 v. Epstein, et al.*, 17 Civ. 00616-JGK (S.D.N.Y.), ECF No. 97 at 2–3. Despite those attempts, Ransome was unable to personally serve Maxwell and filed a motion asking the court to approve alternative service. *Id.* On January 30, 2018, the Honorable John G. Koeltl held that Ransome had demonstrated that serving Maxwell was impracticable under New York law and that providing copies of the summons and complaint to Haddon Morgan, Maxwell's attorneys in *Giuffre v. Maxwell*, was reasonably calculated to provide Maxwell with notice of the lawsuit given that they were presumably in contact with Maxwell. *Ransome v. Epstein*, No. 17-CV-616 (JGK), 2018 WL 637421, at *1 (S.D.N.Y. Jan. 30, 2018).

## **ARGUMENT**

Rule 4(e)(1) of Federal Rule of Civil Procedure provides that service upon a party may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Accordingly, Defendant Maxwell may be served pursuant to New York C.P.L.R. § 308, which provides several methods by which service upon a natural person may be effectuated, including personal service; service by "delivering the summons . . . to a person of suitable age and

4

discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and then mailing the summons to the individual's "last known residence;" or service by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served" and then "mailing the summons to such person at his or her last known residence" or to his or her place of business—so called "nail and mail" service. CPLR §§ 308(1), (2) & (4).

If service under CPLR §§ 308(1), (2) & (4) is impracticable, CPLR § 308(5) permits service "in such manner as the court, upon motion without notice, directs." The determination of whether service is impracticable "depends upon the facts and circumstances of the particular case." *S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999). Although the plaintiff must show impracticability of service, there is no requirement of "proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Id*. Giving notice under a substitute system is permissible provided that it is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987).

New York Courts consistently direct or approve alternative methods of service where regular service has been deemed "impracticable." For example, in *Dobkin v. Chapman*, 236 N.E.2d 451, 455 (N.Y. 1968), the New York Court of Appeals held that where a plaintiff could not accomplish the methods of service set forth in § 308, a Court is "given the discretion to fashion other means adapted to the particular facts of the case before it" pursuant to § 308(5) (referred to in *Dobkin* as § 308(4), the predecessor to § 308(5)). Moreover, the Court of Appeals held that a Court's discretion to fashion such methods of service "must be broad" if the statute

5

is to be "meaningful." *Id*.

Plaintiff has demonstrated that personally serving Maxwell is impracticable "because she has made numerous efforts to obtain information about [Maxwell's] current residence and general contact information to effectuate personal service but has been unable to locate Maxwell." *See Ransome*, 2018 WL 637421, at *1; *see also Rampersad v. Deutsche Bank Secs., Inc.*, No. 02 Civ. 7311 (LTS), 2003 WL21073951, at *1 (S.D.N.Y. May 9, 2003) (authorizing alternative service under § 308(5) when Plaintiff was unable to determine defendant's residence or place of business after "extensive Internet searches" and inquires with defendant's former clients); *HGI*, 1999 WL 1021087, at *1 (service by publication in USA Today authorized because defendant's whereabouts were unknown, efforts to locate his home or business address by searching computer databases failed, and there existed no record that he designated an agent for service).

In addition to trying to locate contact information for Maxwell, who is purposely evading the media and justice system, Plaintiff has tried alternate avenues to serve Maxwell to no avail, including (1) sending the documents to her current lawyers at Haddon Morgan, who are actively litigating on Maxwell's behalf in another case and are most certainly in regular contact with her, and (2) emailing the documents to Maxwell's publicly available email address. Personal service under these circumstances is impracticable.

Plaintiff has also demonstrated that the steps she has already taken to serve Maxwell are "reasonably calculated, under the circumstances, to apprise [the] interested part[y] of the pendency of the action." *See Tome*, 833 F.2d at 1093. Haddon Morgan is actively litigating on Maxwell's behalf and appeared in court for Maxwell as recently as January 16, 2020. *See Giuffre v. Maxwell*, 15 Civ. 7433-LAP (S.D.N.Y), ECF No. 1016 (ordering counsel to appear at January

16, 2020 conference). There is no doubt that Maxwell has had actual notice and knowledge of the claims asserted in Plaintiff's Complaint or that Haddon Morgan can easily and quickly notify her of those claims. As a result, this Court should deem the service methods attempted to be sufficient and grant the motion for alternate service. *See Bozza v. Love*, No. 15-CV-3271 (LGS), 2015 WL 4039849, at *2 (S.D.N.Y. July 1, 2015) (holding that service upon the defendant's counsel in an unrelated matter was sufficient).

Maxwell should not be permitted to dodge Ms. Farmer's allegations of serious wrongdoing against her while at the same time actively litigating to keep court records exposing that wrongdoing under seal. She has been using this Court as a sword and a shield for many years, and she, Jeffrey Epstein, and their other co-conspirators have attempted to thwart their victims from obtaining justice for decades. Maxwell must face the allegations against her, and the Court should deem the service methods attempted to be sufficient as Judge Koeltl did in 2016.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Plaintiff's Motion to Approve Alternative Service Pursuant to Federal Rule of Civil Procedure 4(e)(1) upon Defendant Ghislaine Maxwell and find that the service efforts made by Plaintiff's counsel as described herein are sufficient to apprise Maxwell of this action.

Dated: January 27, 2020                    Respectfully Submitted,

/s/ Joshua I. Schiller

David Boies
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 749-8200

Joshua I. Schiller
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300

Sigrid McCawley
(Pro Hac Vice)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011

*Counsel for Plaintiff, Annie Farmer*