

Plaintiff shall file a letter response by April 3, 2020.

So Ordered.

Dated: March 30, 2020
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

March 27, 2020

*VIA ECF*

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: 19-cv-10475 (LGS-DCF), *Annie Farmer v. Darren K. Indyke*, *et al.*

Dear Judge Schofield:

  I write under Rule III(C)(2) of your practice standards to alert you to Ghislaine Maxwell's intended motion under <u>Fed. R. Civ. P. 8</u> and 12, to request a pre-motion conference, and to suggest a briefing schedule. Because plaintiff's complaint contains so many deficiencies, Ms. Maxwell asks for leave to file a 4-page letter.

  Plaintiff's "personal knowledge" allegations against Ms. Maxwell are limited: (1)  Ms. Maxwell (together with Mr. Epstein), who were "in New York at the time, arranged and paid for plaintiff to fly to New Mexico in the spring of 1996," (¶ 58), and (2) once in New Mexico, Ms. Maxwell allegedly held plaintiff against her will, took her shopping, pressured her into giving a foot massage to Mr. Epstein, and later during a massage without Mr. Epstein present, "touched [plaintiff's] intimate parts . . . against her will," "exposed [her] breasts and groped her." (¶¶ 59-65). The rest of plaintiff's claims are upon "information and belief" and impermissibly lump the allegations against Ms. Maxwell with those against Mr. Epstein.

## I. Rule 8 Requires Fair Notice to Ms. Maxwell, Not Lumping

  <u>Fed. R. Civ. P. 8</u> requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Ferro v. Ry. Express Agency, Inc*., <u>296 F.2d 847, 851</u> (2d Cir. 1961); *see also Simmons v. Abruzzo*, <u>49 F.3d 83, 86</u> (2d Cir. 1995). Here, whenever plaintiff has no facts to allege against Ms. Maxwell, she deceptively claims that "Epstein and Maxwell": "committed" (¶ 13), "recruited" (¶ 25), "perfected" (¶ 31), "arranged" (¶ 58), "allowed" (¶ 70), "intentionally committed" (¶ 80), "intentionally and forcibly touched" (¶ 81), "falsely imprisoned" (¶ 85), "brought" and "prevented" (¶ 86), committed "criminal acts" (¶¶ 88, 94), and had a plan to "recruit, entice and assault"

Hon. Lorna G. Schofield
March 27, 2020
Page 2

(¶ 91). The impermissible lumping occurs in key areas of the complaint regarding personal jurisdiction and venue, the purported nexus between New York and the alleged acts, and in each claim for relief. The conflation of Ms. Maxwell with Mr. Epstein deprives Ms. Maxwell of the ability to raise jurisdictional issues and plead affirmative defenses, and it does not provide fair notice of the claims or the factual grounds on which the claims rest.

## II.   Paragraphs 4, 6, 7, 8, 9 of the Complaint Should Be Stricken under Fed. R. Civ. P. 12(f) as to Ms. Maxwell

Rule 12(f) provides that a Court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The complaint includes hearsay statements allegedly made by Judge Marra in an action in which neither Mr. Epstein nor Ms. Maxwell was a party (¶ 4); conclusory and argumentative statements about Mr. Epstein's 2008 Florida prosecution (in which plaintiff was not alleged to be a victim and in which Ms. Maxwell was neither a suspect nor a witness) (¶¶ 6,7); and allegations about Mr. Epstein's statements to the media (¶¶ 8, 9). Each are barred by Rule 12(f).

## III.   This Court Is the Improper Venue

The Southern District of New York is not the proper venue for plaintiff's claims against Ms. Maxwell. *See* Fed. R. Civ. P. 12(b)(3). Section 1391(b)(1) of Title 28 does not authorize venue here because not all the defendants are residents of New York. Plaintiff asserts that Ms. Maxwell "is domiciled in the Southern District of New York," (¶ 23), yet her counsel earlier informed this Court of the opposite (Doc. 19 at 3) ("extensive public records searches" revealed "properties that Maxwell sold in recent years, such as her New York City home on 65th Street"); *see also Giuffre v. Maxwell,* 15-cv-7433 (Doc. 388 at 2-3) (S.D.N.Y. Aug. 22, 2016) (Boies, Schiller reporting Maxwell sold her NY residence in April 2016). Indeed, it appears that none of the defendants is a resident of New York.

Section 1391(b)(2) also does not authorize venue here because the claims against Ms. Maxwell all allegedly occurred in New Mexico. Paragraph 25 summarily claims the alleged sexual abuse "began and occurred in New York" where plaintiff was "recruited . . . at the age of 16, physically molested . . . , and [groomed] for sex," but the detailed paragraphs make the opposite claim, that the alleged assault by Ms. Maxwell (¶¶ 58-70) occurred in New Mexico.

## IV.   Plaintiff's Claims against Ms. Maxwell Are Untimely

Whether under New Mexico or New York law, plaintiff's claims are time-barred. Plaintiff alleges Ms. Maxwell committed a singular act in New York: from New York, she and Mr. Epstein allegedly "arranged and paid for [plaintiff] to fly to New Mexico in the spring of 1996" (¶ 58). Even if true, which it is not, plaintiff's

Hon. Lorna G. Schofield
March 27, 2020
Page 3

claims are barred by a statute of limitations.

**Plaintiff's claims against Maxwell are untimely under New Mexico law.**
New York's borrowing statute, CPLR § 202, permits a resident of another state (here,
Texas) to sue in New York for a tort occurring outside of New York (here, New
Mexico) only if the complaint is timely under the laws of New York *and* the state in
which the tort occurred (again, New Mexico). New Mexico has a three-year statute of
limitations for personal injury actions, N.M. Stat. § 37-1-8, and minors have one year
from reaching the age of majority to commence such an action, N.M. Stat. § 37-1-10.
Thus, at the latest, plaintiff's claims expired sometime in 1999. Plaintiff's claims are
time-barred under New Mexico law and, as a result, they are time-barred under CPLR
§ 202.

**Plaintiff's claims also are untimely under New York law.** Even if New
York law were to control the statute of limitations, which it should not, under CPLR
§ 215(3), a plaintiff alleging battery, false imprisonment, and intentional infliction of
emotional distress must commence her action within one year of the claim's accrual.
Neither basis for revival cited by plaintiff would survive a motion to dismiss.

CPLR § 215(8)(a) does not apply to claims against Ms. Maxwell. Under that
provision, "Whenever it is shown that a criminal action against the *same defendant*
has been commenced with respect to the event or occurrence from which a [battery or
false imprisonment] claim . . . arises," the plaintiff has at least one year from "[t]he
termination of the criminal action" to file her otherwise time-barred claim against the
"*same defendant*." The government indicted only Mr. Epstein, hence Ms. Maxwell is
not the "same defendant" against whom there was a "criminal action." And the
indictment against Mr. Epstein did not concern the "event or occurrence" from which
plaintiff's claims against Ms. Maxwell arise. The indictment charged conduct by Mr.
Epstein between 2002 and 2005 in New York and Florida. Plaintiff's complaint
concerns conduct allegedly occurring in 1995/1996 in New Mexico.

**CPLR § 214-g cannot revive plaintiff's untimely claims.** CPLR § 214-g
purports to revive otherwise time-barred claims for injuries "suffered as a result of
conduct which would constitute" a sexual offense under New York law. Plaintiff
invokes CPLR § 214-g to save claims that expired more than twenty years ago. The
attempt fails because CPLR § 214-g, if it even applies,[1] is unconstitutional. A claim-
revival statute like CPLR § 214-g satisfies due process only if "if it was enacted as a
reasonable response in order to remedy an injustice." *In re World Trade Ctr. Lower
Manhattan Disaster Site Litig.*, 89 N.E.3d 1227, 1243 (N.Y. 2017). Plaintiff admits
she had no difficulty reporting her allegations years ago to Vanity Fair Magazine, her

---

[1] CPLR § 214-g does not apply to Ms. Maxwell because, among other reasons, the
conduct alleged against her occurred in New Mexico, outside of New York, and
therefore "would [not] constitute" a sexual offense under New York Penal Law § 130.

Hon. Lorna G. Schofield
March 27, 2020
Page 4

sister, the NYPD, and the FBI. ¶¶ 73–75. That those organizations did not respond as plaintiff wished is all the more reason she should have filed this lawsuit years ago. Additionally, plaintiff's false imprisonment claim is not based on "conduct which would constitute a sexual offense" wherever it were committed, and as a result, CPLR § 214-g cannot save it from being time-barred.

        **Plaintiff has not and cannot plausibly plead equitable tolling or equitable estoppel.** Equitable tolling is unavailable in New York for state claims. *Jang Hoi Choi v. Beautri Realty Corp.*, 135 A.D.3d 451, 452 (N.Y. App. 1st Dep't. 2016). Moreover, tolling and estoppel require "extraordinary" factors that make it "unjust" to allow a defendant to assert a statute of limitations defense. *See id.* (equitable tolling requires poof that a plaintiff was "prevented in some extraordinary way" from exercising her rights). As explained above, plaintiff's own complaint proves that there was no impediment to her filing this action within a timely fashion. "Plaintiff had sufficient knowledge of the facts and of a basis for a cause of action within the limitations period, and yet [s]he failed to bring a timely suit." *Id*. As in *Zumpano v. Quinn*, in which the plaintiff tried to revive untimely allegations of sexual assault against members of the clergy, "plaintiff was aware of the sexual abuse . . . she [allegedly] suffered at the hands of [Ms. Maxwell] . . . . Certainly [she] had sufficient knowledge to bring an intentional tort cause of action. . . ." 849 N.E.2d 926, 929 (N.Y. 2006). The complaint points to *absolutely nothing* Ms. Maxwell allegedly did– in the year before its filing or any other time–that prevented plaintiff from filing the lawsuit.

        This Court has wondered about resolving these issues through a motion to dismiss. Respectfully, it is proper to address these issues now, as have other courts, because plaintiff's complaint fails as a matter of law. *See Geiss*, *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 172–75 (S.D.N.Y. 2019) (addressing equitable tolling/estoppel argument and granting a motion to dismiss).

## V.   Briefing Schedule

        Plaintiff's complaint raises, at a minimum, those issues identified above. I suggest that Ms. Maxwell file her motion by April 17, that plaintiff respond by May 1, and that Ms. Maxwell reply by May 8.

Respectfully Submitted,

Laura A. Menninger

CC: Counsel of Record *via* ECF