K4g3farc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ANNIE FARMER,

                Plaintiff,           New York, N.Y.

          v.                         19 CV 10475 (LGS)

DARREN K. INDYKE, RICHARD D.
KAHN, GHISLAINE MAXWELL,

                Defendants.

------------------------------x      Teleconference

                                     April 16, 2020
                                     11:30 a.m.
Before:

                HON. LORNA G. SCHOFIELD,

                                     District Judge



                        APPEARANCES


BOIES, SCHILLER & FLEXNER, LLP
     Attorneys for Plaintiff
BY:  SIGRID S. McCAWLEY
     SABINA MARIELLA

TROUTMAN SANDERS, LLP
     Attorneys for Defendants Indyke and Kahn
BY:  BENNET J. MOSKOWITZ
     MOLLY S. DiRAGO

HADDON, MORGAN & FOREMAN, P.C.
     Attorneys for Defendant Maxwell
BY:  LAURA A. MENNINGER
```

1                THE COURT:  Good morning, counsel.

2                MS. McCAWLEY:  Good morning, your Honor.

3                MS. MENNINGER:  Good morning.

4                THE DEPUTY CLERK:  This is in the matter of 19 CV

5     10475, Farmer v. Indyke, et al.

6                Before we begin, I'd like to remind the parties of

7     several rules and restrictions that are in effect due to the

8     novel coronavirus.

9                First, while members of the public and the press,

10    which I know we have both of here, have a presumptive access to

11    proceed either live or telephonically, recording or

12    broadcasting of this proceeding is still prohibited by the

13    policy of the Judicial Conference of the United States.

14    Violation of these prohibitions may result in sanctions,

15    including removal of court-issued media credentials, restricted

16    entry to future hearings, denial of entry to future hearings,

17    or any other sanction deemed necessary by the Court.

18               Second, as we have a court reporter present, I am

19    going to ask counsel to please state your name before you speak

20    each time you speak.

21               We're here before the Honorable Lorna G. Schofield.

22               THE COURT: Good morning.  So, give me just

23    one second.  I want to look at something.

24               Who will be speaking for plaintiff?

25               MS. McCAWLEY:  Good morning, your Honor.  This is

K4g3farc

1  Sigrid McCawley from Boies, Schiller & Flexner, and I'll be
2  speaking on behalf of Annie Farmer.
3              THE COURT:  Thank you.  Ms. Menninger, I presume
4  you'll be speaking on behalf of Ms. Maxwell?
5              MS. MENNINGER:  Good morning.  Yes, that is correct.
6              THE COURT:  And I don't anticipate that I'll need to
7  hear from the other two defendants.  But, I know that
8  Ms. DiRago and Mr. Moskowitz are also on phone and prepared to
9  speak if necessary.  Is that right?
10             MR MOSKOWITZ:  Yes.  Good morning, your Honor.  Bennet
11 Moskowitz here.  I'll be speaking on behalf of defendants
12 Indyke and Kahn as co-executors.
13             THE COURT:  Thank you.  We're here with respect to a
14 premotion letter that was filed by defendant Maxwell.  She was
15 not represented and present at the last conference we had to
16 discuss the proposed motion to dismiss by the other defendants.
17 And as you all know, I suggested that I didn't think it would
18 be a very good use of anyone's time to pursue that motion.  And
19 the defendants, taking my suggestion, have filed an answer, of
20 course without prejudice to their filing a motion to dismiss on
21 the pleadings at some point if it becomes necessary to do that.
22             So I've reviewed the letter from defendant Maxwell's
23 counsel, and this particular motion doesn't strike me as any
24 more meritorious.  Just quickly, the suggestion that there's
25 lumping going on is not like the cases that I have seen where

1   there is true lumping, and that is that every allegation has as
2   the subject of the sentence "the defendant" without making any
3   distinction between them.
4            Plaintiff has clarified that the allegations here,
5   first of all, there are individual allegations against
6   Ms. Maxwell.  There are allegations against Ms. Maxwell and
7   Mr. Epstein both, in instances where both of them are alleged
8   to have taken some action.  And the complaint doesn't strike me
9   as being guilty of the plaintiff lumping that usually results
10  in an order to be more specific.
11           As for the argument about striking allegations, I'm
12  always puzzled when I see something like that, because,
13  frankly, apart from any answer or motion, those allegations
14  will never see the light of day again.  I don't give the
15  complaint to the jury.  The point of the complaint is really to
16  apprise the defendants of what the nature of the claims are.
17  These periodicals or statements that are referenced may not
18  likely -- will not be admissible at any trial.  As for the
19  truth of the underlying statements, if there is some way to get
20  in those assertions, that obviously is a question of proof and
21  evidence, and we would cross that bridge when we come to it.  I
22  don't think there is anything to be gained by striking
23  allegations.
24           In terms of venue, it seems to me that the matters
25  alleged are alleged to be in the Southern District of New York

1   or at least in the State of New York as well as in New Mexico.
2   And on that basis, without regard to Ms. Maxwell's residence,
3   it seems to me that venue is proper.
4              And with respect to the statute of limitations, as I
5   said in the last conference, it strikes me that that question
6   raises a host of factual issues, and it would be better
7   resolved after some discovery.
8              This is not a ruling.  This is just my impression of
9   the motion.  It seems to me, given that, that it's not, as I
10  said, a good use of anybody's time for us to pursue this
11  motion.  Having said that, I can't prohibit you from filing
12  such a motion.  I would think, though, that it would serve your
13  client's interest if you have affirmative defenses to get them
14  on file so that, in the course of discovery, you can get
15  information that relate to your affirmative defenses.
16             So, those are my thoughts.  You don't have to respond
17  to it.  You can certainly think about what you'd like to do.
18  But, what I would like is an answer.  I'd like you to file a
19  letter -- well, let me just back up.  I'd like you to file a
20  letter or an answer.
21             If you were to file an answer, when would you be
22  prepared to do that?
23             MS. MENNINGER:  Your Honor, this is Laura Menninger on
24  behalf of Ms. Maxwell.  And if the Court is willing, I would
25  like to impress upon the Court a couple of differences as

1  between a motion to dismiss brought by the Estate versus by
2  Ms. Maxwell.
3       But to answer your question, your Honor, I believe
4  plaintiff's deadline to amend their complaint is April 30.  So
5  I would ask for two weeks after their amended complaint to file
6  an answer, if there is one.  If not, I could file one shortly
7  after that deadline has passed.
8       THE COURT:  Okay.
9       MS. MENNINGER:  If I wasn't going to file a motion to
10 dismiss.
11      But, your Honor, I would still -- I do believe that
12 there are very good grounds to file one on behalf of
13 Ms. Maxwell that are different from what the Court has already
14 elaborated on with regard to Mr. Epstein's motion to dismiss.
15      THE COURT:  Okay.  I'll hear you.
16      MS. MENNINGER:  Your Honor, with all due respect, the
17 allegations concerning Ms. Maxwell are very different in the
18 complaint from those concerning Mr. Epstein.  In the first
19 place, the plaintiff alleges she never even met Ms. Maxwell
20 until she was in New Mexico.  And in New York, a cause of
21 action as to Ms. Maxwell accrued outside of New York.  New
22 York's definition on accrual is very specific, and it calls for
23 where the injury occurred or where the damages occurred.  Here,
24 according to the complaint, that was in New Mexico, with
25 respect to Ms. Maxwell.

1          Because plaintiff is not a New York resident, and she
2   has a cause of action that accrued, she claims, outside of New
3   York, under the New York State borrowing statute she has to
4   abide by the shorter of two statutes of limitations.  Either,
5   that in New Mexico, or the New York statute.  So --
6          THE COURT:  Ms. Menninger, I'm sorry, I am going to
7   interrupt you only because I have a conference after this one
8   that was scheduled for some time ago.  And I know that's not
9   your fault because I got to this conference a little bit late.
10  The conferences are all taking a little longer.
11         But, what I perceive is that you are telling me the
12  arguments that were in your letter, which I read, and I take
13  seriously.  My view, though, is that I'm not prejudging this in
14  the sense that if a motion were filed, I would obviously read
15  the motion papers and decide on the motion papers.  But I am
16  telling you my reaction to your arguments, having read your
17  letter as well as having read the plaintiff's letter.
18         So, if you don't mind, I'm sorry to be rude and
19  interrupt you, but I am going to do that just in the interest
20  of time.
21         So, what I would like then is I would like for you to
22  give me a letter within a week telling me whether or not you
23  have determined to answer or whether you will pursue the filing
24  of your motion.  And if you have determined to answer, then
25  make an application for when your answer would be due, since

1    you already filed your premotion letter, and then we'll take it
2    from there.
3             Is there anything else we need to discuss?
4             MR MOSKOWITZ:  Your Honor, this is Bennet Moskowitz.
5    Sorry, go ahead.  I apologize.  I wasn't clear if the Court was
6    addressing everyone.  Go ahead, Ms. Menninger.
7             MS. MENNINGER:  Your Honor, this is Laura Menninger
8    again for Ms. Maxwell.  Would it be possible for me to provide
9    that letter to your Honor after the plaintiff has amended their
10   complaint on April 30?  Or to know in advance whether they
11   intend to amend the complaint?  Because it strikes me as
12   difficult to ascertain.
13            THE COURT:  Do the plaintiffs know whether they plan
14   to amend?
15            MS. McCAWLEY:  Your Honor, this is Sigrid McCawley on
16   behalf of Annie Farmer.  At this point we don't intend to amend
17   our complaint.
18            THE COURT:  Okay.  So can we rely on that?
19            MS. McCAWLEY:  Yes, your Honor.
20            THE COURT:  Okay.  Thank you.  So, given that, why
21   don't you just let me know, Ms. Menninger, when you would like
22   to answer in your letter, letting me know whether you're
23   answering or filing a motion.
24            MS. MENNINGER:  Thank you, your Honor.
25            THE COURT:  Thank you, everyone.  Be well and be safe.