

June 19, 2020

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Annie Farmer v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jeffrey Edward Epstein, and Ghislaine Maxwell*, 19-10475-LGS-DCF

Dear Judge Freeman:

Pursuant to the Court's May 22, 2020 order (ECF No. 77) Plaintiff and Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein, and Ghislaine Maxwell jointly submit this letter to provide the Court with an update as to the progress of discussions regarding both discovery and settlement.

### Plaintiff Annie Farmer's Position

On June 2, 2020, the Superior Court of the Virgin Islands granted the Co-Executors' Expedited Motion for the Establishment of a Voluntary Claims Resolution Program. After it became clear that the Program would finally move forward, Plaintiff informed Defendants that, in the interest of preserving resources and not unnecessarily burdening the Court, she would be willing to stay this litigation for sixty days while she participates in the Program. Plaintiff and the Estate have agreed on the language of a joint stipulation staying this action, which was filed and so-ordered by this Court in other cases in which the plaintiffs are represented by Plaintiff's counsel. *See Jane Doe 1000 v. Indyke, et al.*, 19-cv-10577, ECF No. 63; *Helm v. Indyke, et al.*, 19-cv-10476, ECF No. 52; *Bryant v. Indyke, et al.*, 19-cv-10479, ECF No. 44. Defendant Maxwell has refused to enter the proposed stipulation that has been agreed to and entered in other cases, and has instead proposed a number of changes that are inconsistent with the Program's Protocol.

The Court should enter the proposed order attached hereto as Exhibit A, staying this case on the same terms to which Plaintiff and the Estate have already agreed and which are consistent with the Program's Protocol. If the Court declines to stay the case at this time, Plaintiff respectfully requests that the Court lift its stay of Maxwell's deposition, as the Court previously indicated that its stay of Maxwell's deposition would be revisited. *See* ECF No. 77. Plaintiff is unaware of any recent developments in any criminal investigation concerning Maxwell, and the Court previously noted that a stay of Maxwell's discovery obligations due to concerns of self-incrimination, absent an indictment, would not be indefinite. Maxwell's insistence that this case go forward despite moving for a stay a month ago (ECF No. 68), and despite her refusal to produce any substantive



discovery thus far, is inappropriate. This case should be stayed, or it should go forward with full discovery. Maxwell cannot have it both ways.

### Defendants Darren K. Indyke and Richard D. Kahn's Position

In order to avoid the waste of judicial and party resources, the Co-Executors join in Plaintiff's request that this action be stayed pending her participation in the Epstein Victims' Compensation Program.

### Defendant Ghislaine Maxwell's Position

Ms. Maxwell does not oppose a stay of this action so long as Plaintiff acknowledges that successful participation in the Voluntary Claims Resolution Program ("Program") will result in a release as against any of Plaintiff's claims concerning Ms. Maxwell. Despite repeated requests, Plaintiff's counsel and Counsel for the Estate did not provide a copy of the form of release that will be signed by Plaintiff in the event that she agrees to accept compensation through the Program until 5:36 p.m. EST, today, June 19, 2020. Counsel have not had time to review the form release or provide it to Ms. Maxwell. If Ms. Maxwell is included as a released individual, either expressly or by confirmation of the Plaintiff, it is likely that she will consent to a stay. Attached is the form of Stipulation that Ms. Maxwell has proposed and that Plaintiff has refused.

The assertion that the proposed stipulation has been agreed to in other cases is not persuasive. The "other cases" certainly did not involve Ms. Maxwell and did not involve any Defendants other than the Estate.

As the Court may well recall, during the May 22, 2020 Conference, Ms. McCawley represented to the Court that "There are still issues with respect to a release and other matters, so that has not gotten off the ground at all." (Tr. at 9:22) And in his letter to the Court on this topic, Mr. Boies represented, in arguing that the program "does not justify a stay of discovery," that: "Even if the program moves forward and even if Plaintiff chooses to participate, it is not clear that Maxwell would be released for her torts against Plaintiff. In fact, the scope of the release that participants in the program would be required to sign is the very issue, and the sole issue, that the USVI Attorney General and Epstein's Estate are still negotiating." (ECF No. 72 at 2). Either Plaintiff can represent to this Court that her successful participation in the Program will release her claims concerning Ms. Maxwell or not. She cannot have it both ways.

The Court specifically requested that the Parties report on "how discovery is going." (May 22 Conf. Tr. 56:8-10). Currently, the Court has set the fact-discovery cut-off as August 10, 2020. Plaintiff has not yet agreed to a date for her deposition, nor for her sister, Maria Farmer, whose allegations are contained in her Complaint. Since the May 22 Conference, Plaintiff has submitted woefully inadequate discovery responses. By way of example, when asked to identify the "threats" that she claims Ms. Maxwell made against her to justify her twenty-four year delay in bringing this suit, Plaintiff responded conclusorily that Ms. Maxwell threatened her "numerous times" without providing the content, date, or any other information identifying any such "threat." There were none. Despite telling the press that she has a journal detailing Ms. Maxwell's alleged assault, she instead only has produced journal pages that do not mention Ms. Maxwell at all. Likewise, a



third-party subpoena served on Maria Farmer resulted in not a single responsive document, although she has brought her own case and is represented by the same counsel and included her allegations in this Complaint.  Because of the need to continue good-faith conferrals, these issues are not ripe for judicial review, but they may shed light on Plaintiff's newfound desire to stay this case.

Ms. Maxwell disputes Plaintiff's characterization of the Court's Order regarding Ms. Maxwell's deposition.  This Court ruled that any deposition of Ms. Maxwell and interrogatory responses would be put off and re-visited at regular intervals that are reasonable, dependent on the potential criminal investigation and the Program update.  In early June 2020, SDNY US Attorney Geoffrey Berman indicated that his investigation into those surrounding Mr. Epstein continues.  See Alan Feuer, "Prince Andrew and U.S. Prosecutor in Nasty Dispute Over Epstein, Case," NY Times (June 8, 2020).  Thus, Plaintiff is incorrect in asserting she is "unaware of any recent developments in any criminal investigation." Unless there is a stay, pursuant to this Court's Order, the case should proceed with other depositions and discovery and the Court should revisit the issue of Ms. Maxwell's deposition when and if necessary further in the discovery period.  Of course, Plaintiff's "request" to "lift its stay of Maxwell's deposition" is completely inappropriate as a part of a status report and contrary to this Court's rules and procedures concerning the parties' motion practice.  Should Plaintiff seek a reconsideration of the Court's ruling, she should follow the appropriate rules and procedures, not toss it into a status report.

                Respectfully submitted,

                */s/* Sigrid S. McCawley

                Sigrid S. McCawley, Esq.
                Boies Schiller Flexner LLP

                */s/* Bennet J. Moskowitz

                Bennet J. Moskowitz, Esq.
                Troutman Sanders LLP

                */s/* Laura Menninger

                Laura Menninger, Esq.
                Haddon, Morgan and Foreman, P.C.

cc:  Counsel of Record (via ECF)