

Sigrid S. McCawley<br>
Telephone: (954) 377-4223<br>
Email: smccawley@bsfllp.com

November 17, 2020

**VIA ECF**

The Honorable Lorna G. Schofield
District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   **Re:** *Annie Farmer v. Darren K. Indyke, Richard D. Kahn, & Ghislaine Maxwell*
      19-10475-LGS-DCF

Dear Judge Schofield:

  Pursuant to Individual Rule III.A.1, Plaintiff Annie Farmer requests a pre-motion conference on her request to dismiss this action with prejudice pursuant to Rule 41(a)(2). Defendants Darren K. Indyke and Richard D. Kahn, the executors of the Estate of Jeffrey E. Epstein (the "Estate"), consent to dismissing this action with prejudice, with each party to bear its own fees and costs. Defendant Ghislaine Maxwell opposes Ms. Farmer's request.

  On June 22, 2020, Magistrate Judge Freeman stayed this case at Ms. Farmer's and the Estate's request so that Ms. Farmer could participate in the Epstein Victims' Compensation Program (the "Program") and conserve the parties' and the Court's resources while doing so. The Program, the terms of which counsel for the Estate, the victims, and the Attorney General of the U.S. Virgin Islands negotiated at length over the course of several months, "is a voluntary, independent Program that has been established to compensate and resolve the claims of victims-survivors of sexual abuse by Jeffrey Epstein." Independent Epstein Victims' Compensation Program Protocol at 1 (May 29, 2020), *available at* https://www.epsteinvcp.com/documents/4. Nationally recognized claims administration expert Jordana H. Feldman is the Administrator of the Program. *Id.*

  Prior to agreeing to participate in the Program, victims (including Ms. Farmer) were ensured that the Program would "in no way be administered, controlled or overseen by the Estate" and that Ms. Feldman's decisions pursuant to the Program would not be "subject to review or modification in any way by the Estate or any other party or entity." *Id.* at 1. Further, all compensation offers and any information submitted to the Program are confidential. *Id.* at 6, 8. In order to receive payment, however, a victim must first (1) execute a form release waiving all of the victim's rights to assert claims against the Estate, any entities owned or controlled by the Estate, and any employees of the Estate, Mr. Epstein, or any entities owned or controlled by the Estate, among others and (2) dismiss with prejudice any existing lawsuits against the Estate or related entities and individuals. *Id.* at 3, 7.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

On June 26, 2020, Ms. Farmer submitted a claim to the Program.  On August 27, 2020, Ms. Feldman provided Ms. Farmer with an offer of compensation, which Ms. Farmer accepted on October 5, 2020.  Ms. Farmer also executed a form release, releasing the Estate, any entities owned or controlled by the Estate, and any employees of the Estate, Mr. Epstein, or any entities owned or controlled by the Estate, among others, in exchange for her offer of compensation.  On October 14, 2020, Ms. Farmer informed the Estate and Maxwell that she had accepted an offer of compensation and asked the Defendants to stipulate to a dismissal of this action with prejudice pursuant to Rule 41(a)(1)(A)(ii) with each party to bear its own fees and costs.

The Estate agreed to the stipulation, but Maxwell refused because she insists on obtaining an "executed copy of the actual release" that Ms. Farmer signed before agreeing to the stipulation of dismissal.  Although Maxwell was provided with a copy of the form release nearly five months ago, she was not provided a copy of Ms. Farmer's executed release because it contains confidential information as to the amount of compensation that Ms. Farmer has accepted.  And although the form release contains a provision that would allow Ms. Farmer to propose the carve out of an individual from the release subject to Ms. Feldman's approval, Ms. Farmer's counsel has already informed Maxwell's counsel that Ms. Farmer's executed release *does not* carve out Maxwell.  Maxwell is not entitled to any further information about Ms. Farmer's participation in the Program—Ms. Farmer cannot be required to waive the confidentiality that she was promised when she decided to participate in the Program.

Maxwell asserts that she cannot agree to dismiss Ms. Farmer's claims against her (with prejudice) because, according to her, she may be entitled to fees and costs because she believes Ms. Farmer's claims against her are without merit. The Court rejected this notion, however, at the pre-motion conference held for Maxwell's anticipated motion to dismiss Ms. Farmer's complaint. At that conference, the Court observed that Maxwell's motion to dismiss did not "strike [the Court] as . . . meritorious," and noted that it would not be "a good use of anybody's time for us to pursue [the] motion."  Tr. of April 16, 2020 Teleconference at 3:23-24, 5:10-11.  Maxwell ignored the Court's guidance, however, and filed her motion anyway, thus deciding for herself to incur unnecessary expenses.  Her contention that she might somehow be entitled to request fees and costs for her own frivolous motion practice is simply not tenable.  *See Colombrito v. Kelly*, 764 F.2d 122, 133–34 (2d Cir. 1985) ("attorney's fees have almost never been awarded" when a lawsuit is voluntarily dismissed with prejudice under Rule 41(a)(2)).

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  In light of Ms. Farmer's successful participation in the Program, dismissing this case with each party bearing its own fees and costs is proper.  There are no counterclaims, and Maxwell should not be allowed to prevent Ms. Farmer from finalizing her successful participation in the Program, which was the sole reason that Judge Freeman stayed discovery in this case.  Dismissal of this case also preserves the resources of the parties and the Court, as Ms. Farmer has expressed a clear desire to resolve this matter through the Program and not through continued litigation.

For the foregoing reasons, Ms. Farmer respectfully requests that the Court enter an order dismissing this case with prejudice, with each party to bear its own fees and costs.

                                        Respectfully submitted,

                                        /s/ Sigrid McCawley

                                        Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)