

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

November 23, 2020

*VIA ECF*

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    19-cv-10475 (LGS-DCF), *Annie Farmer v. Darren K. Indyke*, et al.

Dear Judge Schofield:

      On behalf of defendant Ghislaine Maxwell, I write in response to plaintiff's request for a pre-motion conference to discuss her anticipated motion to dismiss this action with prejudice pursuant to Rule 41(a)(2). As explained during counsel's conferral call, Ms. Maxwell does not "oppose" the request to dismiss *per se*. Rather, Ms. Maxwell simply requests that the dismissal include two standard terms to ensure the enforceability of the dismissal with prejudice as contemplated by the Rule and to preserve Ms. Maxwell's rights in a pre-existing indemnification lawsuit.

      First, Ms. Maxwell requests her counsel be provided a copy of plaintiff's signed and executed release. In the event plaintiff attempts to sue her again in any forum at some unknown time in the future, Ms. Maxwell needs a signed and executed release so that she has a legally enforceable document to seek dismissal of any such claim. Plaintiff's counsel's representations in correspondence that she is releasing Ms. Maxwell are insufficient. Ms. Maxwell has had no role in negotiating the terms of the Epstein Victims' Compensation Program. She is neither a signatory to any of its terms nor contractually bound by them. Whatever plaintiff was assured by the Program in terms of confidentiality apparently did not take into account the needs of third-party beneficiaries of her agreement to release "any employees of the Estate, Mr. Epstein, or any entities owned or controlled by the Estate." Counsel is unaware of any legal support for refusing to provide a copy of a release to the released party; plaintiff's pre-motion letter cites none.

      Second, Ms. Maxwell also seeks to ensure that the dismissal is without prejudice to her ability to seek indemnification from Darren K. Indyke and Richard D. Kahn, the executors of the Estate of Jeffrey E. Epstein (the "Estate") for fees and

Hon. Lorna G. Schofield
November 23, 2020
Page 2

costs incurred in defending against this action. Her request for indemnification is presently subject to pending litigation in the Superior Court of the Virgin Islands District of St. Thomas & St. John, Case Number ST-20-CV-155 (the "Indemnification Litigation"). In her proposed stipulation of dismissal under Rule 41(a)(i)(A)(ii), plaintiff included the following language: "this action shall be dismissed with prejudice, with each party to bear its own attorneys' fees and costs." The broad language contained in plaintiff's proposed stipulation could arguably act to waive Ms. Maxwell's ability to recover fees and costs incurred during litigation of *this* case in the Indemnification Litigation. If, plaintiff moves under Rule 41(a)(2) for dismissal, Ms. Maxwell requests that the court include a term of dismissal that expressly preserves Ms. Maxwell's rights to seek fees and costs in the Indemnification Litigation against the Estate.

F.R.C.P. 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper.*" (emphasis supplied). Terms and conditions are generally imposed by the district court under Rule 41(a)(2) to protect the defendant from prejudice. 9 Wright & Miller, *Federal Practice and Procedure,* § 2366 (3d ed.2008). "Courts have imposed a variety of terms and conditions, including the imposition of costs or attorneys' fees *or requirements that the plaintiff produce documents* or agree to allow discovery to be used in any subsequent action." *In re Wellbutrin XL Antitrust Litigation*, 268 F.R.D. 539, 543-44 (E.D. Pa. 2010) (emphasis supplied) (citing 9 Wright & Miller, *Federal Practice and Procedure,* § 2366).

For the foregoing reasons, should plaintiff move this Court to for a dismissal under Rule 41(a)(2), Ms. Maxwell respectfully requests that any order entered by the Court pursuant to 41(a)(2) include the following terms:

i. Plaintiff shall provide to counsel for Ms. Maxwell a copy of the executed General Release entered in connection with the Epstein Victims' Compensation Program (the "Program") within two (2) business days of this Order; and

ii. Plaintiff and Defendants Darren K. Indyke and Richard D. Kahn shall pay their own fees and costs associated with this matter. Defendant Maxwell shall not seek fees or costs associated with the matter from Plaintiff, unless Rule 41(d) is implicated by a future suit. Nothing herein shall be construed to preclude Ms. Maxwell from seeking fees or costs related to this matter from the Estate Of Jeffrey E. Epstein, Darren K. Indyke, in his capacity as Executor of the Estate Of Jeffrey E. Epstein, Richard D. Kahn, in his capacity as Executor of the Estate Of Jeffrey E. Epstein, or NES, LLC, a New York Limited Liability Company, or release any such claims as between the Defendants.

Hon. Lorna G. Schofield
November 23, 2020
Page 3

Respectfully Submitted,

*/s/ Laura A. Menninger*

Laura A. Menninger

CC: Counsel of Record *via* ECF