

Sigrid S. McCawley<br>
Telephone: (954) 377-4223<br>
Email: smccawley@bsfllp.com

December 8, 2020

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: *Annie Farmer v. Darren K. Indyke, Richard D. Kahn, & Ghislaine Maxwell*
      19-10475-LGS-DCF

Dear Judge Freeman:

  Pursuant to the Court's order dated December 1, 2020 (ECF No. 101), Plaintiff Annie Farmer and Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein, and Ghislaine Maxwell, jointly write to update the Court as to their discussions relating to the voluntary dismissal of this lawsuit.

**Position of Plaintiff Annie Farmer**

  This Court has numerous times stressed the importance of settlement discussions to resolve this case, and has encouraged Ms. Farmer to participate in the Epstein Victims' Compensation Program ("Victims' Compensation Program") as a means to resolve the matter without continued litigation. *See* Tr. of Nov. 21, 2019 Hearing at 24:1-23 ("I think that settlement is an important track."); 50:16–19 ("These are serious claims. . . . Let's see if we can get them on a settlement track that everybody is comfortable with."). Ms. Farmer complied and this Court stayed the action to allow her to participate in the Victims' Compensation Program. ECF No. 85. She has concluded that process and requested that Defendant Maxwell stipulate to the dismissal of this action with prejudice, as is required by the Victims' Compensation Program. As the Court knows, a dismissal with prejudice would prevent Ms. Farmer from being able to ever bring these claims again against Defendant Maxwell. Despite that fact, Defendant Maxwell has refused to stipulate to dismissal with prejudice and this Court directed the parties to further confer.

  During the parties' meet and confer prior to Ms. Farmer's request for a pre-motion conference on her anticipated motion to dismiss this action with prejudice (ECF No. 97), Ms. Maxwell's position was that she needed an executed copy of the Victims' Compensation Program General Release that Ms. Farmer signed before she would agree to dismissal of this lawsuit with each party bearing its own fees and costs. But the Victims' Compensation Program was established as a confidential process. Accordingly, on December 7, 2020, Ms. Farmer offered to provide Ms. Maxwell with a copy of that executed General Release with only one piece of information redacted—the confidential amount of compensation that Ms. Farmer has been offered by the Victims' Compensation Program. Ms. Maxwell's counsel rejected that compromise with

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

no explanation. Ms. Farmer then proposed that both parties sign a mutual release whereby both Ms. Farmer and Ms. Maxwell would agree to release any claims against one another. Ms. Maxwell's counsel rejected that proposal with no explanation and with no counterproposal.

Ms. Maxwell's refusal to agree to dismissal of this lawsuit is perplexing. She is not a party to the Victims' Compensation Program and has not been asked to compensate Ms. Farmer in any way for her injuries. She now has the opportunity to conclude this lawsuit and is refusing to do so without imposing conditions on Ms. Farmer that Ms. Farmer never agreed to when she decided to participate in the Victims' Compensation Program. Ms. Maxwell's refusal to accept a copy of the General Release that Ms. Farmer signed with the compensation determination redacted is indefensible. Her justification for requiring a copy of the General Release in her prior letter to the Court was that: "In the event plaintiff attempts to sue her again in any forum at some unknown time in the future, Ms. Maxwell needs a signed and executed release so that she has a legally enforceable document to seek dismissal of any such claim." ECF No. 99 at 1. Not only did Ms. Farmer offer to provide her that legally enforceable, signed, and executed General Release, but Ms. Maxwell would be able to point to the dismissal of this action with prejudice *itself* if Ms. Farmer ever decided to sue Ms. Maxwell again. Maxwell's position is thus illogical and a clear attempt to stall Ms. Farmer's ability to receive the compensation that she has been offered through the Victims' Compensation Program.

Accordingly, Ms. Farmer respectfully requests that the Court enter an order dismissing this case with prejudice, with each party to bear its own fees and costs.

## **Position of Defendant Ghislaine Maxwell**

Plaintiff argues that "a dismissal with prejudice would prevent Ms. Farmer from being able to ever bring these claims again against Defendant Maxwell." Yet, without justification, she declines to provide either (a) the proof that Ms. Maxwell requested -- an unredacted and signed copy of the release that purportedly says as much and which would be admissible in a court of law, nor (b) as this Court suggested (Doc. # 101), a "written release of Plaintiff's claims against Ms. Maxwell." Ms. Maxwell has previously explained that she requires a copy of the signed and executed release "so that she has a legally enforceable document to seek dismissal" in "the event plaintiff attempts to sue her again in any forum at some unknown time in the future." (Doc. # 99 at 1). Plaintiff has not offered an explanation as to the need to redact the signed and executed release. Both plaintiff and the Estate have a copy. Plaintiff offers no legal support for her desire to hide the release from one of the purportedly released parties. Certainly, Ms. Maxwell has no objection to keeping such document confidential unless and until it is deemed relevant and admissible by a court of law.

Plaintiff likewise not explained why she refused, despite this Court's suggestion and Ms. Maxwell's request during conferral, to provide a separate "written release of Plaintiff's claims against Ms. Maxwell." Instead, plaintiff only offered to sign a written release of Ms. Maxwell if she mutually releases plaintiff. Plaintiff offered no justification whatsoever as to why Ms. Maxwell would release plaintiff from any and all claims against her now, and counsel for Ms. Maxwell is unaware of any such justification.

It appears that plaintiff is playing coy. Previously she argued to this Court that "[e]ven if the [claims] program moves forward and even if Plaintiff chooses to participate, it is not clear that

Maxwell would be released for her torts against Plaintiff." (Doc. # 72 at 2). Now she wants Ms. Maxwell and the court to accept without proof that she has released Ms. Maxwell from any and all claims and without proof of the consideration she has received in exchange for such a release.

Pursuant to Rule 41(a)(2), Ms. Maxwell respectfully requests that this Court order plaintiff provide to Ms. Maxwell an unredacted copy of the signed and executed release from the claims program that she asserts covers a release of Ms. Maxwell. If the Court deems it necessary, Ms. Maxwell will certainly abide by a confidentiality restriction that the release cannot be used for any purpose other than as necessary and admissible in a court of law. Ms. Maxwell also agrees to the language proposed by the defendant executors concerning her right to seek indemnification from the Estate.

### **Position of Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein**

The Co-Executors have no desire to impede discontinuation of this action. To that end, and consistent with the Court's direction, on December 3, 2020, counsel for the Co-Executors emailed counsel for the other parties, as follows:

> As you know, the Estate has no desire to impede the discontinuation of Ms. Farmer's lawsuit. Accordingly, and consistent with Judge Freeman's December 1, 2020 Order, the Estate is amenable to revising the discontinuance stipulation so that it includes Ms. Maxwell's requested reservation of rights, as follows but with additional language inserted by us (underlined): "Nothing herein shall be construed to preclude Ms. Maxwell from seeking fees or costs related to this matter from the Estate of Jeffrey E. Epstein, Darren K. Indyke, in his capacity as Executor of the Estate of Jeffrey E. Epstein, Richard D. Kahn, in his capacity as Executor of the Estate of Jeffrey E. Epstein, or NES, LLC, a New York Limited Liability Company, or release any such claims as between the Defendants. <u>Nor does anything herein prejudice the Estate Of Jeffrey E. Epstein, Darren K. Indyke, in his capacity as Executor of the Estate Of Jeffrey E. Epstein, Richard D. Kahn, in his capacity as Executor of the Estate Of Jeffrey E. Epstein, or NES, LLC's rights and legal positions with respect to Ms. Maxwell's seeking of fees or costs related to this matter, all of which rights and legal positions are hereby expressly preserved</u>.").

Both Plaintiff and Defendant Maxwell responded by indicating they had no objection to the Co-Executors' proposal.

                Respectfully submitted,

                */s/ Sigrid S. McCawley*

                Sigrid S. McCawley, Esq.
                Boies Schiller Flexner LLP

/s/ Bennet J. Moskowitz

Bennet J. Moskowitz, Esq.
Troutman Pepper Hamilton Sanders LLP

/s/ Laura Menninger

Laura Menninger, Esq.
Haddon, Morgan and Foreman P.C.

cc: Counsel of Record (via ECF)