

Sigrid S. McCawley
Telephone: (954) 377-4223
Email: smccawley@bsfllp.com

December 23, 2020

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Defendant Ghislaine Maxwell is hereby ORDERED to show cause, no later than 12/30/2020, why the Court should not enter a dismissal order in the form proposed by Plaintiff.
>
> SO ORDERED
>
> DEBRA FREEMAN
> United States Magistrate Judge
> Dated: 12/28/2020

Re:   *Annie Farmer v. Darren K. Indyke, Richard D. Kahn, & Ghislaine Maxwell*
        19-10475-LGS-DCF

Dear Judge Freeman:

On December 16, 2020, the parties appeared before the Court for a telephone conference on Ms. Farmer's motion to dismiss this case pursuant to Rule 41. During that conference, we explained that after Maxwell refused to stipulate to dismissal, we offered to provide Maxwell with a redacted copy of the General Release that Ms. Farmer signed in connection with the Epstein Victims' Compensation Program. Maxwell's counsel stated that she was concerned about the authenticity of a redacted version of the General Release for use in future proceedings. Tr. of Dec. 16, 2020 Hearing at 8:21–23. In addition to clearly stating that the Court would not order Ms. Farmer to disclose the amount of compensation to Maxwell, the Court suggested that Ms. Farmer provide a redacted version of the General Release to Maxwell with a letter stating that neither she nor the Estate would contest the redacted General Release's authenticity. *Id.* at 10:16–21, 14:7–8, 11–15. Both we and Maxwell's counsel agreed with that solution. *Id.* at 10:23–11:2, 12:19–22. The Court stated that it would make itself available for another conference if necessary. *Id.* 15:19–20.

The very next day, we asked Maxwell's counsel if, pursuant to the Court's suggestion, she would stipulate to dismissal of this action after receiving a copy of the executed General Release, with the compensation amount redacted, plus a letter signed by counsel for Ms. Farmer and the Estate stating that the document is authentic and that we would not dispute its authenticity. We also provided her with the verbatim language we proposed including in the letter. Exhibit A at 5–6. Maxwell's counsel did not respond, so we emailed her again four days later asking her to provide us with an answer by the end of the day. *Id.* at 5. Maxwell's counsel repeatedly refused to provide us with a date or time on which she intended to speak to her client. *Id.* at 1–4. Maxwell's counsel also refused to confer with us, and then stopped responding to our emails altogether. *Id.* at 1–2.

As Your Honor noted at the telephone conference, this should be a straightforward issue. Ms. Farmer is essentially seeking to dismiss her claims against Maxwell without asking for anything at all from Maxwell in return. We have offered several times to provide Maxwell with what she has demanded—a copy of the General Release that Ms. Farmer originally understood

would remain confidential, with only the amount redacted—yet Maxwell continues to delay resolution of this matter for no conceivable reason. At this point, it is readily apparent that Maxwell is not participating in this meet and confer in good faith and is instead focused on delaying Ms. Farmer's receipt of her compensation. It appears this conduct may be in retaliation for Ms. Farmer's recent submission in the bail proceedings pending before Judge Nathan as evidenced by her counsel's statement: "Your client has been vocal in asking that Ms. Maxwell be kept in custody, which of course makes it more difficult for her to communicate with her attorneys." *See, e.g.*, *id.* at 4.

Ms. Farmer thus requests (A) an order directing Maxwell to respond to our offer to provide a redacted General Release with a letter stating that we will not dispute its authenticity in exchange for her agreement to stipulate to a dismissal of this action with prejudice, with each party to bear its own fees and costs by no later than Monday, December 28, 2020; (B) a second conference with the Court; or (C) an order dismissing this action with prejudice, with each party to bear its own fees and costs.[1]

                                                                       Respectfully submitted,

                                                                       */s/ Sigrid S. McCawley*

                                                                       Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)

---

[1] A proposed order consistent with the Court's guidance at the December 16, 2020, hearing is attached hereto.