

Sigrid S. McCawley<br>
Telephone: (954) 377-4223<br>
Email: smccawley@bsfllp.com

December 31, 2020

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Annie Farmer v. Darren K. Indyke, Richard D. Kahn, & Ghislaine Maxwell*
            19-10475-LGS-DCF

Dear Judge Freeman:

      Plaintiff Annie Farmer writes to respond to Defendant Ghislaine Maxwell's response to this Court's Order to Show Cause. ECF No. 108. Maxwell's response fails to show good cause why this Court should allow her to further delay dismissing this action, which is necessary for Ms. Farmer to complete her participation in the Epstein Victims' Compensation Program. The Court should enter the form of order that Plaintiff proposed forthwith. *See* ECF No. 106-2. Because the issue before the Court—whether to dismiss this case with prejudice, with each party to bear its own costs—is straightforward, Ms. Farmer's response to Maxwell's will be brief.

      Maxwell's counsel appears to have forgotten that the Court has already held a conference on Ms. Farmer's motion to voluntarily dismiss this case. During that conference, Maxwell's counsel agreed to the solution the Court proposed: that Ms. Farmer provide Maxwell a copy of the executed General Release with the compensation amount redacted, plus a letter stating that the General Release is authentic. We proposed that same exact solution to Maxwell's counsel the next day. Maxwell's counsel then stonewalled us and refused to provide an estimated time at which she would be able to discuss resolution with her client. *See* ECF No. 106-1.

      Instead of trying to amicably resolve this matter with Ms. Farmer as the Court ordered her to, Maxwell, who has been complaining about increased media attention on her for years, submitted a vicious, victim-blaming letter attacking Ms. Farmer and raising numerous new arguments that she did not raise before the Court at the conference, in her prior filings on this issue, or with us during our meet and confers. Ms. Farmer will not respond to Maxwell's meritless challenges to the merits of her case, to her credibility, or to her entirely appropriate participation in Maxwell's prosecution—those issues are not relevant to the issue before the Court. Ms. Farmer simply states that she stands by the allegations in her Complaint and any statements she made in related proceedings, and she intends to testify truthfully if called in any future proceedings. The Court should not entertain any of Maxwell's new arguments, and any additional briefing on this issue would be frivolous.[1]

---

[1]    As explained in Ms. Farmer's November 17, 2020, letter, Judge Schofield discouraged Maxwell from filing a motion to dismiss, and there is no scenario in which Maxwell would be able

Maxwell also challenges the Epstein Victims' Compensation Program for compensating Ms. Farmer for "untested" allegations, but this argument too merits little response. Maxwell is not the one compensating Ms. Farmer, and she should have no opinion on why Ms. Farmer is being compensated by the Estate. In fact, Maxwell should be quite pleased that she is escaping civil liability in this case without having to pay a dime to Ms. Farmer, as this Court recognized at the conference.

Ms. Farmer has been trying to dismiss this case since October 14, when she asked the defendants to stipulate to dismissal, and Maxwell has delayed for no legitimate reason without providing any deadline whatsoever for responding. Maxwell's counsel blames her delay on Maxwell's incarceration—which Judge Nathan recently ruled continues to be appropriate in light of Maxwell's lack of candor with the court (20-cr-330, ECF No. 106)—and other ongoing legal matters. This excuse is absurd and misleading. First, Maxwell's counsel admits that she had the opportunity to have legal calls on December 29, which is after this Court issued its Order to Show Cause. ECF No. 108 at 5 (explaining that Maxwell cannot have legal calls from December 24 through December 28 and December 30 through January 2). And she does not explain how the holidays impeded her from speaking to Maxwell after we provided her with a proposal for resolving this issue on December 17, more than a full week before Christmas. Second, Maxwell's counsel clearly had guidance from her client in order to write her December 30 letter itself, so her suggestion that she has been unable to discuss resolution with her client is nonsensical. Finally, the notion that Maxwell needs to review 2 million pages of discovery before she can take 5 minutes to discuss this very straightforward issue should not be credited, and is a violation of this Court's Order to Show Cause that directed her to discuss the issue with her client by December 30.

To be clear, there is no need to wait indefinitely for Maxwell's consent before dismissing this matter. The Court should consider this issue fully briefed and has the authority to dismiss the case under the framework outlined at the conference with the parties, using the proposed order submitted by Ms. Farmer. ECF No. 106-2. We respectfully request that the Court do so.

Respectfully submitted,

*/s/ Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)

---

to obtain fees and costs from Ms. Farmer if this case is dismissed *with prejudice*. ECF No. 97 at 2; *Colombrito v. Kelly*, 764 F2d 122, 133-34 (2d Cir. 1985) ("attorney's fees have almost never been awarded" when a lawsuit is voluntarily dismissed with prejudice under Rule 41(a)(2)."). Nor is there any legal support for Maxwell's position that she is entitled to learn the amount of Ms. Farmer's compensation in connection with a program that did not involve Maxwell at all and to which Maxwell is not contributing a cent.