UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    ANNIE FARMER,

                             Plaintiff, :    19 Civ. 10475 (LGS)

            -against- :    **OPINION AND ORDER**

DARREN K. INDYKE, *in his capacity as executor of the Estate of Jeffrey Edward Epstein*, et al.,

                        Defendants.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

On January 21, 2021, Plaintiff Annie Farmer filed a motion to dismiss this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). In connection with her motion, Plaintiff filed a proposed order of dismissal imposing certain conditions (the "Proposed Order"). Defendant Ghislaine Maxwell opposed the motion. For the following reasons, subject to Plaintiff's consent, dismissal is granted pursuant to the terms of the Proposed Order modified as described below.

**I.    BACKGROUND**

On November 12, 2019, Plaintiff filed a Complaint against Ms. Maxwell and Defendants Darren K. Indyke and Richard D. Kahn in their official capacities as appointed executors of the Estate of Jeffrey E. Epstein (the "Estate") (Indyke and Kahn together, the "Co-Executors"). The Complaint alleges claims of battery, false imprisonment and intentional infliction of emotional distress under New York law. These claims stem from and/or arise in connection with Mr.

Epstein's and Ms. Maxwell's alleged sexual abuse of Plaintiff. Defendants did not file counterclaims.

On June 2, 2020, the Superior Court of the United States Virgin Islands granted the Co-Executors' motion to establish the Epstein Victims' Compensation Program, a voluntary independent program designed to compensate and resolve the claims of victims of sexual abuse by Jeffrey Epstein (the "Program"). On June 22, 2020, based on an understanding that Plaintiff wished to participate in the Program and that participation could result in the resolution of Plaintiff's claims, Judge Freeman stayed this case. The case remains stayed.

On June 26, 2020, Plaintiff submitted a claim to the Program. Before submitting her claim, Plaintiff was ensured that compensation offers and information submitted to the Program would be confidential. Plaintiff's participation in the Program resulted in her receipt and acceptance of an offer of compensation on October 5, 2020. In exchange for the offer of compensation, Plaintiff executed a release, releasing the Estate, Mr. Epstein and other related entities and individuals, including Ms. Maxwell, from any and all claims (the "General Release"). To receive her compensation, Plaintiff must dismiss with prejudice any existing lawsuits against the Estate and related entities and individuals -- including this lawsuit.

To conclude her participation in the Program, Plaintiff now moves for Rule 41(a)(2) dismissal of all claims with prejudice. In connection with her motion, Plaintiff filed the Proposed Order, to which the Co-Executors do not object. The Proposed Order states that dismissal is "with prejudice," and that each party shall "bear its own attorneys' fees and costs." It also states that "Plaintiff shall provide Ms. Maxwell with a copy of the General Release, with the compensation amount redacted" and that "[t]he parties shall not dispute the authenticity of this copy of the General Release in any future proceedings." In addition, the Proposed Order

2

includes language that preserves Defendants' rights and legal positions with respect to indemnity.

Ms. Maxwell objects to dismissal pursuant to the Proposed Order on the grounds that she will be unduly prejudiced if (1) Plaintiff is not required to provide an unredacted copy of the General Release, showing Plaintiff's compensation, and (2) each party is required to bear its own attorneys' fees and costs. Ms. Maxwell accordingly requests that the Court impose the following conditions on dismissal: (1) Plaintiff must provide a copy of the unredacted General Release and (2) Ms. Maxwell is entitled to costs and may seek attorneys' fees in another action and at another time.

## II.     STANDARD

Rule 41(a)(2) states as relevant here, "Except as provided in Rule 41(a)(1) [which describes voluntary dismissals made either before the defendant files a responsive pleading or on consent], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court may exercise its "sound discretion" in deciding a Rule 41(a)(2) motion. *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001); *accord Stinson v. City Univ. of New York*, No. 18 Civ. 5963, 2020 WL 2133368, at *2 (S.D.N.Y. May 4, 2020).

Although "[v]oluntary dismissal *without* prejudice is . . . not a matter of right" and is subject to substantial scrutiny, *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (emphasis added); *accord Stone v. Fisher*, No. 20 Civ. 1818, 2020 WL 2765107, at *2 (S.D.N.Y. May 28, 2020), a motion for voluntary dismissal *with* prejudice is generally subject "to far less scrutiny," *HOV Servs., Inc. v. ASG Techs. Grp., Inc.*, No. 18 Civ. 9780, 2021 WL 355670 at *2 (S.D.N.Y. Feb. 2, 2021) (collecting cases). On a motion for voluntary dismissal with prejudice,

3

the essential inquiry is "whether the voluntary dismissal 'will be unduly prejudicial to the defendants.'" *Nix v. Office of Comm'r of Baseball*, No. 17 Civ. 1241, 2017 WL 2889503, at *2 (S.D.N.Y. July 6, 2017) (citing *Lan v. Time Warner, Inc.*, No. 11 Civ. 2870, 2016 WL 6778180, at *6 (S.D.N.Y. Oct. 18, 2016), *report and recommendation adopted*, 2016 WL 6779526 (S.D.N.Y. Nov. 15, 2016)). To avoid undue prejudice, courts have the authority to impose conditions of dismissal, so long as plaintiff has an opportunity to withdraw her motion if she "feels that the conditions are too burdensome." *Paysys Int'l, Inc. v. ATOS IT Servs. Ltd.*, 901 F.3d 105, 109 (2d Cir. 2018) (internal citation omitted).

## III. DISCUSSION

Ms. Maxwell will not be unduly prejudiced by dismissal. In this case, all the claims against Ms. Maxwell will be dismissed, she did not file any counterclaims and dismissal is with prejudice so that the claims cannot be brought against her again. She has not shown any prejudice from the dismissal or its consequences. Nevertheless, Ms. Maxwell seeks to impose two conditions on dismissal. These conditions are unnecessary to prevent prejudice that would otherwise result from the dismissal because she has shown no such prejudice. As explained below, the Court rejects one condition, and subject to Plaintiff's consent, would grant the other requested condition.

First, Ms. Maxwell asks that the amount of Plaintiff's compensation from the Estate be disclosed to her as a condition of dismissal. She argues that she needs the information (1) "to make public" that plaintiff wanted money and not justice and (2) to cross-examine Plaintiff in Ms. Maxwell's criminal trial. In effect, she is arguing that dismissal will deprive her of the vehicle to obtain information she would use in other settings. This is not the type of prejudice the rule was intended to prevent, and she cites no case to suggest that it is. The argument is

4

flawed because she is entitled to information in this case only to defend against the claims in this case. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery "relevant to any party's claim or defense"). If there are no claims in this case as a result of dismissal, she is not entitled to information in this case to defend against them. If she wants information to use in the court of public opinion she must get it elsewhere. Similarly, if she wants information to use in her defense in the criminal case, then she should try to obtain the information using the procedures available in that case.

Ms. Maxwell asks as a second condition to strike the language in the Proposed Order that "each party [is] to bear its own attorneys' fees and costs." Subject to Plaintiff's consent, the Court would grant that application, not because the dismissal is otherwise prejudicial to Defendant, but because adjudication of fees and costs is unnecessary to dismiss the case.

Ms. Maxwell states that she is not seeking attorneys' fees from Plaintiff at this time in this action but does not wish to be precluded from doing so in a different action. The issue of fees, therefore, is not ripe, and the parties can litigate it when and if Ms. Maxwell raises it.

The issue of costs similarly does not need to be resolved in order to grant dismissal. Ms. Maxwell apparently intends to seek costs in this case, but she has not yet done so and the parties have not fully briefed the issue. A prevailing party, including one in Ms. Maxwell's position, is typically entitled to recover its costs. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, [the federal] rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party."); *see Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 165 (2d Cir. 2014) ("A voluntary dismissal of an action with prejudice works [a material alteration of the legal relationship of the parties], because it constitutes an adjudication on the merits for purposes of *res judicata* . . .") (internal citations and quotation marks omitted); *accord K'oyitl'ots'ina, Ltd.*

5

*v. Gottschalk*, No. 19 Civ. 11309, 2020 WL 6690640, at *3 (S.D.N.Y. Nov. 12, 2020) (treating defendant as the "prevailing party," after a dismissal with prejudice and awarding costs). However, "whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). It remains to be seen whether Ms. Maxwell will move to recover her costs and in what amount, whether Plaintiff will oppose the application, and if so, whether Plaintiff could overcome the presumption that Ms. Maxwell is entitled to her costs.

Because the issues of attorneys' fees and costs need not be resolved in order to dismiss this action, the Court is prepared to enter the Proposed Order, modified by striking the language "with each party to bear its own attorneys' fees and costs." Plaintiff shall file a letter no later than February 12, 2021, stating whether she consents to this modification or wishes to withdraw her motion for voluntary dismissal, in which case the Court will restore this matter to its active calendar. *See Paysys Int'l. Inc.*, 901 F.3d at 109 (2d Cir. 2018) (holding that the plaintiff may accept the court's conditions of dismissal or withdraw its dismissal motion and proceed with the case).

## IV.   CONCLUSION

Plaintiff shall file a letter no later than February 12, 2021, stating whether she consents to the Court's entry of the Proposed Order modified by striking the language "with each party to bear its own attorneys' fees and costs," or wishes to withdraw her motion for voluntary dismissal. The Clerk of Court is respectfully directed to close the motion at Docket No. 97.

Dated:  February 10, 2021
         New York, New York

_____
LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**